24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martina CORDOVA-LEYVA, Defendant-Appellant.
 No. 93-10582.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 MEMORANDUM**
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 Martina Cordova-Leyva appeals his conviction following entry of a conditional guilty plea to illegal reentry into the United states after deportation subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. Sec. 1326(b)(2). Cordova-Leyva contends that constitutional errors in his deportation hearing preclude his conviction for illegal reentry after deportation. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 2
 We review de novo whether constitutional defects in Cordova-Leyva's deportation proceeding require reversal of his conviction. See United States v. Proa-Tovar, 975 F.2d 592, 594 (9th Cir.1992) (en banc).
 
 
 3
 In order to succeed in a collateral attack on a prior deportation proceeding, Cordova-Leyva must do more than demonstrate a constitutional defect in the proceedings, he must also prove prejudice. See id. at 595. The government argues, and we agree, that Cordova-Leyva has failed to demonstrate prejudice in the instant case.
 
 
 4
 Cordova-Leyva claims that if he had been better informed about his rights by the Immigration Judge at his deportation hearing, he could have used this knowledge to negotiate a "plea bargain" agreement with the Immigration and Naturalization Service attorneys which would have permitted him to leave the United States voluntarily. Leaving aside the extremely speculative nature of this alleged prejudice, we need only point to the terms of 8 U.S.C. Sec. 1254 to resolve this issue. Cordova-Leyva does not deny the validity of the aggravated felony which resulted in the deportation proceedings at issue here. Voluntary departure is not available for persons who, like Cordova-Leyva, were deported because of a conviction for an aggravated felony. See 8 U.S.C. Sec. 1254(e)(1) & (2).
 
 
 5
 Because Cordova-Leyva was not eligible for voluntary departure, he cannot demonstrate prejudice by arguing that he could have tried to "plea bargain" for that result. See Proa-Tovar, 975 F.2d at 595-96.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3